IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00852-PAB-KLM

DOUGLAS J. SIMON,

     Plaintiff,

v.

DIRECTV, INC. and FIRST ADVANTAGE,

     Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on an Order to Show Cause.  Pursuant to 28 U.S.C.

§ 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., this matter has been referred to this

Court.  Although Plaintiff was ordered to respond to the Order to Show Cause regarding

why the complaint should not be dismissed for failure to prosecute, Plaintiff has failed to

file a response. The Court has reviewed the entire case file and applicable case law and

is sufficiently advised in the premises.  Accordingly, I respectfully **RECOMMEND** that the

case be **DISMISSED** against Defendant First Advantage Corp., as set forth below.

**I. Background**

     Defendant First Advantage Corp., incorrectly named as "First Advantage,"  filed a

Motion to Dismiss [Docket No. 7] on April 22, 2009.  Pursuant to D.C.COLO.LCivR 7.1C.,

Plaintiff's response to the motion was due on May 12, 2009.  Plaintiff did not file a response

and the due date passed.  The Court *sua sponte* granted Plaintiff an extension of time until

July 6, 2009 to respond to First Advantage Corp.'s Motion to Dismiss.  The Court advised Plaintiff that no further extensions of time would be permitted absent a showing of good cause [Docket No. 15]. Plaintiff did not file a response to the motion to dismiss.

The Court ordered that Plaintiff show cause why this Court should not recommend that the case against Defendant First Advantage Corp. be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Plaintiff's response to the Order to Show Cause was due July 23, 2009.  Plaintiff was advised that failure to respond to the Order to Show Cause would result in this Court issuing a recommendation to dismiss Plaintiff's action as to Defendant First Advantage Corp. [Docket No. 25].  Plaintiff has not responded to the Order to Show Cause.

## II.   Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss a plaintiff's claims for failure to prosecute, *see Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007), and provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria.  *AdvantEdge Bus. Group v. Thomas*

2

*E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009).   In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice.   The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).  However, given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal  [with prejudice is appropriate], so that the party does not unknowingly lose its right of access to the courts . . . ."  *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A.   Prejudice to Defendant First Advantage Corp.

From a review of the case file, I find that Plaintiff has not participated in this case since the filing of the complaint.  The failure to prosecute his case has caused prejudice to Defendant First Advantage Corp. because it has been deprived of information and documents necessary to defend against Plaintiff's claims.  Likewise, Defendant's burden is ongoing in that it must defend against allegations that it appears Plaintiff has no intention of pursuing.

**B.      Interference with the Judicial Process**

Plaintiff did not attend the Scheduling Conference on June 24, 2009.  He did not confer with Defendant's counsel regarding the scheduling order, which he was required to prepare pursuant to D.C.COLO.LCivR 16.1.  Plaintiff has not responded to Court orders or the motion to dismiss.

Just as Defendant is burdened by Plaintiff's failure to prosecute his case so, too, is the Court.  The issue here "is respect for the judicial process and the law."  *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiff's failure to follow the Court's Orders demonstrates a lack of respect for the Court, Defendants, and the judicial process. Moreover, the Court's continual review of his file and issuance of Orders necessitated by Plaintiff's neglect increases the workload of the Court and interferes with the administration of justice.

**C.      Culpability of Plaintiff**

Plaintiff has failed to respond to the Court's Order to Show Cause [Docket No. 25] and has failed to provide any justification for his failure to prosecute his case.  Although Plaintiff's pleadings are construed liberally because he proceeds *pro se*, he is not excused from his obligations to follow the same rules of procedures that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

**D.      Advance Notice of Sanction of Dismissal**

The Court has warned Plaintiff that he could be sanctioned for failure to comply with the Order to Show Cause [Docket No. 25]. Accordingly, the Court finds that Plaintiff had ample notice that his failure to comply with Court's Order could result in the dismissal of his

case.

### E.    Efficacy of a Lesser Sanction

I conclude that no sanction less than dismissal with prejudice would be effective here.  Although Plaintiff is proceeding *pro se*, that does not excuse his failures here.  *See Green*, 969 F.2d at 917.   In addition, based upon Plaintiff's lack of a response to Defendant's motion,  the Court doubts that a monetary sanction would be practical or effective.  Further, Plaintiff's failures impact both the judicial system and Defendant jointly, and considering that Plaintiff has effectively neglected his case for several months, the Court finds that no lesser sanction would be effective and dismissal with prejudice is the appropriate result.

### III.   Conclusion

Accordingly, I respectfully **RECOMMEND** that the case be dismissed with prejudice against Defendant First Advantage Corp.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 5, 2009

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge