IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00852-PAB-KLM

DOUGLAS J. SIMON,

    Plaintiff,

v.

DIRECTV, INC.,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant DIRECTV, Inc.'s Motion for Summary Judgment and Supporting Memorandum of Points and Authorities** [Docket No. 32; Filed January 31, 2010] (the "Motion"). Plaintiff has not filed a response to the Motion. The Court has reviewed the Motion, the entire case file, and the relevant case law. For the reasons stated below, I RECOMMEND that the Motion be **GRANTED**.

**Background**

Plaintiff is a telecommunications engineer. *Notice* [#1] Ex. A ("First Amended Complaint") at ¶ 9. Plaintiff alleges that on September 24, 2007, he applied to be a contractor with DIRECTV to provide high definition engineering services. ¶ 13. As part of the contracting process, Plaintiff signed a form authorizing Defendant to conduct a criminal background investigation of him. *Id.* ¶¶ 17-19. Defendant then requested a background

1

report on Plaintiff from First Advantage Corporation, a consumer reporting agency.[1] First Advantage's report indicated that Plaintiff had been found guilty of four criminal offenses from 1995 to 1998. *Notice* [#1] Ex. G at ¶ 11. On October 18, 2007, Defendant informed Plaintiff that he would not be hired. *Id.* Ex. A at ¶ 49.

Plaintiff brings five claims for relief. He alleges that Defendant wrongfully relied on his criminal conduct that was more than seven years old, in violation of the Colorado Consumer Credit Reporting Act ("CCCRA"), Colo. Rev. Stat. § 12-14.3-101, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et se*q. Plaintiff also asserts that Defendant violated the CCCRA and FCRA by disclosing his criminal background to third parties. Finally, Plaintiff alleges a promissory estoppel claim. He asserts that Defendant promised that he had been hired and gave him a specific starting date. Relying on these representations, Plaintiff resigned his employment.

**Standard of Review**

The purpose of a summary judgment motion is to assess whether trial is necessary. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit pursuant to the governing substantive law. *Id.*

---

[1] First Advantage was originally a Defendant in this case but the claims against it were dismissed on August 27, 2009 due to Plaintiff's failure to prosecute his claims. [#27].

The movant must show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671.

After the movant has met his initial burden, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to the nonmovant. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74

(10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## Statement of Undisputed Material Facts

As noted above, Plaintiff has not responded to the Defendant's summary judgment motion. Nevertheless, the Court may not grant a summary judgment motion based solely on the nonmovant's failure to respond to the motion. *Reed v. Bennett*, 313 F3d 1190, 1194 (10th Cir. 2002). The Court must engage in the usual Rule 56 analysis, i.e. consider whether the moving party has met its burden. *Id.* However, the Court must "accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* at 1195; *see also* Fed. R. Civ. P. 56(e)(2) (if the opposing party does not respond, summary judgment should be entered if appropriate).

Defendant has asserted the following facts in its motion, which I accept as true: Plaintiff applied to become a DIRECTV vendor on or around September 26, 2007. *Motion* [#32], Ex. A (Plaintiff's Deposition) at 35:13-15 and 53:15-56:10. The contract for which Plaintiff applied involved "setting up equipment, testing equipment, [and] making sure that the high definition signal [met] standards set by DIRECTV before [the] launch" of DIRECTV's high definition program. *Id.* at 36:6-16. As part of the application process, Plaintiff authorized DIRECTV to conduct a background check, which included, among other things, obtaining Plaintiff's "consumer credit reports [and] criminal records . . .." *Id.* Ex. C (Background Check Release Form). Moreover, as Plaintiff knew, DIRECTV had to issue a purchase order before he could become a DIRECTV vendor. *Id.* Ex. A at 42:16-22.

4

Plaintiff spoke with Maelen Lee, the DIRECTV Director of Engineering, who managed the project for which Plaintiff applied, regarding the prerequisites to becoming a DIRECTV vendor. *Id.* Ex. A at 41:12-19, 41:23-42:1; Ex. D (Affidavit of Maelen Lee) at ¶¶ 3-7. During that conversation with Ms. Lee, Plaintiff learned that he could not be a DIRECTV vendor until the background check was completed and the purchase order was in place. *Id.* Ex. A at 41:23-42:2, 42:16-227.

DIRECTV's security personnel requested a background report regarding Plaintiff from First Advantage Corporation, a consumer reporting agency. *Id.* Ex. F (Affidavit of Trey Castleberry) at ¶ 10. On or after October 13, 2007, DIRECTV's security personnel received Plaintiff's criminal background report, which indicated Plaintiff was found guilty of the following criminal offenses: (1) harassment – strikes / shoves / touches on September 5, 1995; (2) violation of a restraining order on September 5, 1995; (3) sexual assault – third degree on February 21, 1996; and (4) failure to register as a sexual offender on September 15, 1998. *Id.* Ex. G. (Statewide Criminal Search Report). Before Plaintiff was informed of the results of his background check, he resigned his employment with IBAHN General Holdings, Inc. ("IBAHN"). *Id.* at 20:1-4, 20:10-13, 49:1-4, 49:22-50:1, 50:23-51:11, 59:11-15. On October 18, 2007, following completion of the background investigation, DIRECTV notified Plaintiff that it was denying his application to be a DIRECTV vendor. *Id.* Ex. A at 52:23-53:2; Ex. D at ¶ 15.

**Federal Preemption**

Plaintiff alleges that Defendant violated the FCRA and CCCRA by relying on prohibited information, i.e. his criminal history beyond seven years. He also alleges that Defendant violated those two statutes by disclosing his criminal background to third parties.

Defendant asserts that the CCCRA claims are preempted by FCRA.

Both CCCRA and FCRA are consumer credit reporting statutes with the same purpose. CCCRA's intent is "to ensure that consumer reporting agencies exercise their responsibilities with fairness, impartiality and respect for the consumer's rights." Colo. Rev. Stat. § 12-14.3-101.5. The FCRA was enacted "to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). Federal law may preempt state law where (1) Congress expressly indicates that the federal law is meant to preempt state law; (2) where state and federal law conflict; and (3) where federal law occupies the entire legislative domain on an issue. *Davenport v. Farmers Ins. Grp.*, 378 F.3d 839, 842 (8th Cir. 2004).

The FCRA has an express provision concerning preemption, which provides, in relevant part, that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under ... section 1681c of [FCRA], relating to information contained in consumer reports, except this subparagraph shall not apply to any State law in effect on September 30, 1996." 15 U.S.C. §1681t(b)(1)(E). Thus, FCRA preempts state consumer reporting statutes when (1) the subject matter of the state statute concerns matters regulated under 15 U.S.C. § 1681c; and (2) the state law took effect after September 30, 1996. *Id.*

In his Complaint, Plaintiff alleges that Defendant violated the provision of the CCCRA that prohibits consumer reporting agencies from disclosing "[r]ecords of arrest, indictment, or conviction of a crime that, from the date of the disposition, release or parole predate the report by more than seven years." Colo. Rev. Stat. § 12-14.3-105.3(1)(e). This

provision concerns the disclosure of information that is also regulated by FCRA. The comparable FCRA provision prohibits the disclosure of "[c]ivil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period." 15 U.S.C. § 1681c(a)(2). In addition, "records of *convictions* of crime which antedate the report by more than seven years" can be disclosed under FCRA. 15 U.S.C. § 1681c(a)(5) (emphasis supplied).

The CCCRA and FCRA provisions at issue concern the same subject matter, i.e. the type of information that can be legally disclosed in consumer reports. Both address the limits on the disclosure of criminal arrests and convictions in consumer reports. Thus, FCRA meets the first requirement for a finding of preemption, which is that the subject matter of the CCCRA concerns matters regulated under the federal statute.

Defendants must also show that the applicable CCCRA provision took effect after September 30, 1996. According to the statutory provision involved here, Colo. Rev. Stat. § 12-14.3-105.3 became effective in 2002, well after FCRA's cut-off date. Therefore Plaintiff's claims pursuant to CCCRA are preempted by federal law.

**FCRA Violations**

Plaintiff alleges that Defendant wrongfully relied on his criminal history in denying him a position as a vendor. He asserts that Defendant was not permitted to rely on that information because the criminal convictions were more than seven years old. As noted above, his claim is without merit. The FCRA permits disclosure of "records of convictions of crimes which antedate[ ] the report by more than seven years." 15 U.S.C. § 1681c(a)(5). First Advantage provided DIRECTV a report listing Plaintiff's four criminal convictions.

7

Defendant could properly consider this information even though it was more than seven years old. It was not unlawful for Defendant to consider the report in determining whether to hire Plaintiff.

Plaintiff also alleges that Defendant violated FCRA by disclosing his background report to third parties. As an initial matter, Defendant claims that it has not revealed the report to a third party and Plaintiff was unable to identify a third party during his deposition. In addition, Defendant asserts that it is not subject to FCRA's restrictions on disclosing background reports because it is not a "consumer reporting agency."

FCRA's provisions only apply to a consumer reporting agency. *Magnum v. Action Collection Service. Inc.*, 575 F.3d 935, 942 (9th Cir. 2009); *Dumas v. City of Chicago*, No. 00-1389, 2000 WL 1597787, at *1 (7th Cir. Oct. 23, 2000). To that end, consumer reporting agencies must adopt reasonable procedures to protect the confidentiality of consumer credit information. *Peart v. Shippie*, 345 Fed. Appx. 384, 386 (11th Cir. 2009); *Heath v. Credit Bureau of Sheridan, Inc.*, 618 F.2d 693, 695 (10th Cir. 1980). FCRA defines a "consumer reporting agency" as "any person which, for monetary fees, dues or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties ...." 15 U.S.C. § 1681a(f). Defendants have submitted an affidavit from its Manager of Corporate Security which states that "DIRECTV does not assemble or evaluate consumer credit information or other information for the purpose of furnishing consumer reports." *Motion* [#32] Ex. F at 2. Furthermore, in this case, because DIRECTV is not a consumer reporting agency, it requested Plaintiff's consumer report from First Advantage, which is a consumer reporting

agency. *Id.* Given these facts, Defendant is not a consumer reporting agency subject to FCRA.

**Promissory Estoppel**

Plaintiff asserts that Defendant should be estopped from challenging his claims because Defendants promised that he would be employed as a vendor to provide short-term engineering support. *Notice* [#1], Ex. A at 11. The elements of a promissory estoppel claim are (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promisee; (3) the promisee in fact reasonably relied on the promise to the promisee's detriment; and (4) the promise must be enforced to prevent injustice. *Marquardt v. Perry*, 200 P. 3d 1126, 1129 (Colo. App. 2008).

Plaintiff alleges that on October 8, 2007, Ms. Lee, DIRECTV's Director of Engineering, told him that a purchase order was in place and his starting date would be October 22, 2007. *Notice* [#1] Ex. at 11. Based on this statement, Plaintiff resigned his employment at a company known as IBAHN. *Id.* Plaintiff asserts that he would not have been unemployed but for Defendant's conduct. *Id.*

Ms. Lee's affidavit contradicts Plaintiff. During her first conversation with Plaintiff, she informed him that he could not begin to work for DIRECTV until the company's procurement department issued a purchase order. *Motion* [#32] Ex. D at 2. A purchase order authorizes funds for DIRECTV to pay individuals such as Plaintiff. *Id.* DIRECTV never issued a purchase order for Plaintiff's work as a vendor. *Id.* However, on October 16, 2007, Ms. Lee had informed Plaintiff by email that an October 22, 2007 "start date looks promising" and "the buyer should be able to place the [purchase order] this week." *Id.* Ex.

9

E.

Plaintiff's promissory estoppel claim is undermined by his own testimony at his deposition. Plaintiff conceded that the alleged promise made by DIRECTV was subject to two conditions. First, Plaintiff acknowledged that DIRECTV had to approve a purchase order. *Id.* Ex. A at 48:4-12. In addition, Plaintiff had to pass a background check. *Id.* at 42:16-21. Plaintiff admitted that as of October 8, 2007, he had not been notified of the results of his background check. *Id.* at 49:1-6, 22-50. On October 8, 2007, despite not knowing the results of the background check or confirming that a purchase order was in place, Plaintiff resigned his position at IBAHN.

Viewing the facts presented by Defendant to be true, I conclude that promissory estoppel is not a valid claim. There is no genuine issue of material fact regarding whether Plaintiff was unconditionally promised the vendor position. Based on the communications with Plaintiff, Defendant could not have reasonably suspected that he would resign his employment. Because Plaintiff has not shown that he was promised the job, the Court necessarily cannot find that he reasonably relied on a promise to his detriment. For these reasons, I RECOMMEND that Plaintiff's promissory estoppel claim be **DENIED**.

## Conclusion

Based on the foregoing, there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. Therefore,

I respectfully **RECOMMEND** that Defendant DIRECTV's Motion for Summary Judgment be **GRANTED** and the case **DISMISSED WITH PREJUDICE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge. Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 19, 2010

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge